IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Jose Colon-Arriaga, | C/A No. 1:21-cv-741-JFA-SVH |
| Petitioner, | |
| v. | **ORDER** |
| Stevie Knight, Warden, and Melissa Forsyth, Camp Administrator, | |
| Respondents. | |

I.    INTRODUCTION

Juan Jose Colon-Arriaga ("Petitioner"), proceeding pro se, is an inmate incarcerated at the Federal Correctional Institution Estill ("FCI-Estill") in Estill, South Carolina. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for pretrial proceedings.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondents' motion for summary judgment. (ECF No. 25). The Report sets forth, in detail, the relevant facts

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 2, 2021.  (ECF No. 25). The Court previously entered an order adopting the Report after Petitioner failed to timely file objections. (ECF No. 29). Shortly thereafter however, the Petitioner filed objections in which he averred his objections were previously sent, but never received by the court. (ECF No. 33). On September 24, 2021, the Court vacated its previous Order (ECF No. 29) adopting the Report in light of Petitioner's recent filing. (ECF No. 34). Petitioner's objections were docketed, deemed timely, and the Court directed Respondents to reply to the objections. Having now received that response to Petitioner's objections (ECF No. 37), this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*,

718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] ... claims," the Court

need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding the petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter have been incorporated from the Report. Within the Report, the Magistrate Judge recommends that the Respondent's motion for summary judgment should be granted. As argued by Respondent, a review of Petitioner's objections reveal that they are a word-for-word recitation of the exact arguments presented to the Magistrate Judge in response to Respondent's motion for summary judgement. *Compare* ECF No. 22 *with* ECF No. 33-1. This duplication of arguments previously presented to the court does not constitute proper objections. Consequently, these improper objections do not warrant a *de novo* review. Moreover, a review of the Report indicates that each of these arguments was squarely

considered and rejected by the Magistrate Judge. Ultimately, the Magistrate Judge properly

concluded that Respondent's motion for summary judgment should be granted and

Petitioner's pending motions should be denied as moot. This court has reviewed the Report

and finds no error.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report,

and objections thereto, this Court finds the Magistrate Judge's recommendation fairly and

accurately summarizes the facts and applies the correct principles of law. Accordingly, the

Court adopts the Report. (ECF No. 25). Thus, Respondents' motion for summary judgment

(ECF No. 13) is granted and Petitioner's motion for oral argument and immediate

consideration (ECF No. 21) is denied as moot.

IT IS SO ORDERED.

October 6, 2021                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge